12296-LAM,JEK  F:\Lam\12296\pldgs\NOF050208.wpd  ATTY # 01746855

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY MOORE,<br><br>Plaintiff,<br><br>vs<br><br>JAMES G. RUEHLMANN, JR., JAMES RUEHLMANN, SR., AND DONNA RUEHLMANN, Jointly and Severally,<br><br>Defendants. | No. 08C1399<br>Judge: Anderson<br>Magistrate Judge: Shenkier |

## NOTICE OF FILING

TO: Andrew Kochanowski, Sommers Schwartz, PC, 2000 Town Center, Suite 900, Southfield, MI
Cecil F. Boyle, Jr., Patton & Ryan LLC, 330 North Wabash, Suite 2900, Chicago, IL
Michael Cunningham, Sommers Schwartz, PC, 2000 Town Center, Suite 900, Southfield, MI

PLEASE TAKE NOTICE that on the **2nd** day of **May, 2008**, we filed with the Clerk of the of the United States District Court for the Northern District of Illinois, Eastern Division, at 219 South Dearborn Street, Chicago, Illinois, the following:

Defendants, JAMES G. RUEHLMANN, JR., JAMES RUEHLMANN, SR., AND DONNA RUEHLMANN, Jointly and Severally, Answer to Complaint

a copy of which is attached hereto and hereby served upon you.

BY:   s/ Lorenzo A. Mancini
**NORTON, MANCINI & WEILER**
109 North Hale Street, P.O. Box 846
Wheaton, IL 60189-0846, (630) 668-9440
#01746855

## CERTIFICATE OF SERVICE

The undersigned states that she served the above and foregoing Notice by electronic mailing a true and correct copy thereof on the **2nd** day of **May, 2008**.

s/Denise Hays

12296-LAM,JEK                F:\Lam\12296\pldgs\AnsCompl050108.wpd   ATTY # 01746855

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY MOORE,<br><br>Plaintiff,<br><br>vs<br><br>JAMES G. RUEHLMANN, JR., JAMES RUEHLMANN, SR., AND DONNA RUEHLMANN, Jointly and Severally,<br><br>Defendants. | No. 08C1399<br>Judge: Anderson<br>Magistrate Judge: Shenkier |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

NOW COME the Defendants, JAMES G. RUEHLMANN, JR., JAMES RUEHLMANN, SR., AND DONNA RUEHLMANN, Jointly and Severally, by and through their attorneys, NORTON MANCINI & WEILER, and for their Answer to Plaintiff's Complaint, state as follows:

### GENERAL ALLEGATIONS

1. That Plaintiff, JEFFREY MOORE, is and was at all times pertinent hereto, a resident of the state of Michigan.

   ANSWER: These Defendants admit the facts contained in Paragraph 1 of the Plaintiff's Complaint.

2. That the Defendant, JAMES G. RUEHLMANN, JR., is and was at all times pertinent hereto, a resident of the City of Naperville, State of Illinois.

   ANSWER: These Defendants admit the facts contained in Paragraph 2 of the Plaintiff's Complaint.

3. That the Defendants, JAMES RUEHLMANN, SR. and DONNA RUEHLMANN, were at all times pertinent hereto, residents of the City of Naperville, State of Illinois.

> ANSWER: These Defendants admit the facts contained in Paragraph 3 of the Plaintiff's Complaint.

4. That the amount in controversy is in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest, costs and attorney fees, and jurisdiction is hereby vested within this court by way of diversity pursuant to 28 USC §1332(a)(1).

> ANSWER: These Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in Paragraph 4 of the Plaintiff's Complaint and, therefore, they neither admit nor deny the same and demand strict proof thereof.

5. That on or about March 19, 2007, Plaintiff was a passenger in a 2000 Jeep Grand Cherokee being driven by the Defendant, JAMES G. RUEHLMANN, JR., traveling in a westbound direction on Broadway Avenue, at or near its intersection with 19th Avenue in the City of Nashville, State of Tennessee.

> ANSWER: These Defendants admit the facts contained in Paragraph 5 of the Plaintiff's Complaint.

6. That on the aforesaid date, the Defendant, JAMES G. RUEHLMANN, JR., was driving this 2000 Jeep Grand Cherokee with Ohio license plate number CEM 5870, and VIN number 1J4GW48SOYC339436, owned by his parents, JAMES RUEHLMANN, SR. and DONNA RUEHLMANN, with their consent and permission.

> ANSWER: These Defendants admit the facts contained in Paragraph 6 of the Plaintiff's Complaint.

7. At said date, time and location, the Defendant, JAMES G. RUEHLMANN, JR., disregarded a red traffic signal, ran through a red light at the intersection, was hit on the passenger side by another vehicle that had the green light, causing the Jeep Grand Cherokee to roll over.

> ANSWER: These Defendants admit that a collision occurred between the vehicle being driven by JAMES G. RUEHLMANN, JR. and another vehicle as alleged. Pleading further, these Defendants deny the remaining allegations contained in Paragraph 7 of the Plaintiff's Complaint.

## COUNT I

## JAMES G. RUEHLMANN, JR.

NOW COMES the Defendant, JAMES G. RUEHLMANN, JR., by and through his attorneys, NORTON MANCINI & WEILER, and for his Answer to Count I of the Plaintiff's Complaint, states as follows:

8. Plaintiff repeats and realleges each and every allegation contained within this Complaint as though more fully set forth herein.

> ANSWER: This Defendant repeats his answers to Paragraphs 1 through 7 of the General Allegations in this Complaint, erroneously named "Every Allegation" contained in the Complaint as though fully set forth herein.

9. That the Defendant, JAMES G. RUEHLMANN, JR., owed the Plaintiff the duty to exercise reasonable care in the operation of the motor vehicle he was operating.

> ANSWER: This Defendant admits those duties imposed by law and denies that Paragraph 9 of Count I of the Plaintiff's Complaint sets forth such duties.

10. That the Defendant, JAMES G. RUEHLMANN, JR., breach is duty to exercise reasonable care and was negligent in the following particulars:

    a. Failing to operate said motor vehicle with due care and caution;

    b. Failing to operate said motor vehicle with due regard for traffic and surface conditions then and there existing;

    c. Failing to operate said motor vehicle upon the highway at a speed not greater than would permit the Defendant to bring said motor vehicle to a stop within the assured clear distance ahead;

    d. Failing to exercise reasonable and ordinary care to keep a sharp look out;

    e. Failing to maintain control of the vehicle at all times while upon the highway;

    f. Negligently and improperly running through a red light at an intersection;

    g. Failing to yield the right-of-way to a vehicle within the intersection that was within the intersection on a green light;

    h. Failing to make timely use of the braking system with which said vehicle was equipped;

    i. Operating said motor vehicle in excess of the posted speed limit;

    j. Improper lane usage;

    k. Improperly switching lanes at the last minute just before the intersection; when his travel lane turned into a left turn only lane;

    l. Other acts of negligence that shall be determined by means of discovery.

ANSWER: This Defendant denies the allegations contained in Paragraph 10 of Count I of the Plaintiff's Complaint, subparagraphs (a) through (l) inclusive.

11. That notwithstanding the duties and obligations imposed upon the Defendant, JAMES G. RUEHLMANN, JR., as hereinbefore alleged, said Defendant omitted and neglected to obey each and all and every particular, and as a true and proximate result of the violations thereof, the Defendant caused the motor vehicle he was operating to lose control, causing Plaintiff, JEFFREY MOORE, to sustain serious and grievous injuries, including, but not limited to: a closed head injury, massive facial scarring to his right forehead and right eye, causing damage to his right eye and the inability to close his right eye, requiring two eye surgeries, decrease in vision to his right eye, nerve damage to his face and head causing numbness, traumatic injury to his left shoulder from road burns and a large 4 x 4 raised scar to his left shoulder.

> ANSWER: This Defendant admits that a collision occurred between his vehicle and another vehicle as alleged. This Defendant lacks sufficient information concerning the allegations contained in Paragraph 11 as they relate to the nature and extent of the Plaintiff's injuries and therefore neither admits nor denies those allegations but demand strict proof thereof. Pleading further this Defendant denies any and all remaining allegations contained in Paragraph 11 of Count I of the Plaintiff's Complaint.

12. That as a direct and proximate result of the Defendant, JAMES G. RUEHLMANN, JR'S negligence, as hereinbefore alleged, Plaintiff, JEFFREY MOORE, sustained serious and grievous injuries, including, but not limited to: injuries to neck, shoulder, arms, back, hips and legs, with involvement of surrounding muscles, tendons, ligaments, soft tissues, and nerves, including disfigurement, all causing pain, discomfort, disability, mental anxiety, emotional distress and loss of the normal enjoyments of life. All of the above injuries

and conditions are serious and permanent.

> ANSWER: This Defendant denies negligence and lacks sufficient information as to the nature and extent of the Plaintiff's injuries and therefore neither admits nor denies those allegations but demands strict proof thereof.

13. That as a direct and proximate result of the acts and/or omissions constituting negligence on the part of the Defendant as hereinbefore alleged, Plaintiff has been required to undergo extensive medical care and treatment, including two surgeries to his right eye, stapling and suturing to his multiple scars, and will in the future be required to undergo further medical care and treatment. That Plaintiff has been forced to pay sums of money for medical bills for care and treatment to seek a cure for these injuries and will in the future be required to expend sums of money for medical care and treatment.

> ANSWER: This Defendant denies negligence and lacks sufficient information as to the remaining allegations contained in Paragraph 13 of Count I of the Plaintiff's Complaint and therefore neither admits nor denies those allegations but demands strict proof thereof.

14. That as a direct and proximate result of the acts and/or omissions constituting negligence on the part of the Defendant as hereinbefore alleged, Plaintiff has sustained a loss of earnings and earning capacity.

> ANSWER: This Defendant denies negligence and lacks sufficient information as to the remaining allegations contained in Paragraph 14 of Count I of the Plaintiff's Complaint and therefore neither admits nor denies those allegations but demands strict proof thereof.

WHEREFORE, the Defendant, JAMES G. RUEHLMANN, JR., denies that the Plaintiff, JEFFREY MOORE, is entitled to any of the relief requested in Count I of his Complaint.

## COUNT II

## OWNERS' LIABILITY OF JAMES RUEHLMANN, SR. AND DONNA RUEHLMANN

NOW COME the Defendants, JAMES RUEHLMANN, SR., AND DONNA RUEHLMANN, by and through their attorneys, NORTON MANCINI & WEILER, and for their Answer to Count II of Plaintiff's Complaint, state as follows:

15. Plaintiff repeats and realleges each and every paragraph of this Complaint as though more fully set forth herein.

> ANSWER: These Defendant repeat and reallege their answers to Paragraphs 1 through 14 of this Complaint as their answer to Paragraph 15 of Count II of the Plaintiff's Complaint.

16. That on said date, the Defendant, JAMES G. RUEHLMANN, JR., was operating the aforementioned vehicle with the permission and consent of the owners, his parents, JAMES RUEHLMANN, SR. AND/OR DONNA RUEHLMANN.

> ANSWER: These Defendants admit the facts contained in Paragraph 16 of Count II of the Plaintiff's Complaint.

17. That the Defendants, JAMES RUEHLMANN, SR. and/or DONNA RUEHLMANN, are liable for the conduct and the activities of the Defendant, JAMES G. RUEHLMANN, JR., on the date of this incident for his negligent driving of their vehicle pursuant to the Tennessee Owners Liability statute for the reasons stated herein in Count I.

ANSWER:   These Defendants deny the allegations contained in Paragraph 17 of Count II of the Plaintiff's Complaint.

18.   That as a direct and proximate result of the negligence of the Defendants, JAMES RUEHLMANN, SR. and DONNA RUEHLMANN, Plaintiff suffered injuries and damages as stated in Count I of this Complaint.

ANSWER:   These Defendants deny the allegations contained in Paragraph 18 of Count II of the Plaintiff's Complaint.

19.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 11 through 14 of Count I of this Complaint as though more fully set forth herein.

ANSWER:   These Defendants adopt the answers contained in Paragraph 11 through 14 of Count I of the Plaintiff's Complaint as though fully set forth herein.

WHEREFORE, the Defendants, JAMES RUEHLMANN, SR., AND DONNA RUEHLMANN, deny that the Plaintiff, JEFFREY MOORE, is entitled to any of the relief requested in Count II of his Complaint.

Respectfully submitted,

NORTON, MANCINI & WEILER

BY: _____
Larry A. Mancini

Larry A. Mancini
NORTON, MANCINI & WEILER
109 North Hale Street / P.O. Box 846
Wheaton, IL 60189-0846
(630) 668-9440